IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WILLIAM HAROLD MCCARLEY § | |
| § | |
| VS. § | CIVIL CASE NO. 4:24-CV-703 |
| § | |
| DIRECTOR, TDCJ-CID § | |
| § | |

**MEMORANDUM PARTIALLY ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge (the "Report") in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 26, 2024, the Report of the Magistrate Judge (Dkt. #6) was entered containing proposed findings of fact and recommendations that this habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). On December 17, 2024, Barbara McCarley, Petitioner's mother, notified the Court of Petitioner's death.[1] The Fifth Circuit has held that a habeas petitioner's "death moots his federal habeas corpus claim," and has remanded pending habeas cases with directions to dismiss the petitions as moot after a petitioner's death. *Soffar v. Davis*, 653 F. App'x 813, 814 (5th Cir. 2016); *see also Ellis v. King*, 792 F. App'x 335, 335-36 (5th Cir. 2020) (per curiam); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). Accordingly, this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is moot.

---

[1] Ms. McCarley provided the Court with a copy of Petitioner's death certificate. The death certificate indicates that Petitioner died on September 14, 2024 (Dkt. #8).

1

Having received the Report of the United States Magistrate Judge, and no timely objections being filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct to the extent they recommend the dismissal of this case. In light of Petitioner's passing, the Court partially adopts the Magistrate Judge's report, concluding that Petitioner's case should be dismissed as moot rather than dismissed without prejudice for want of prosecution.

It is therefore **ORDERED** that this habeas petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** as **MOOT**. The Clerk of Court is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 17th day of September, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE